

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2009

# Bi Xia Shi-Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2573

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Bi Xia Shi-Chen v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2573

BI XIA SHI-CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A96-405-470)
(U.S. Immigration Judge: Honorable Charles M. Honeyman)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2009

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: May 11, 2009)

OPINION OF THE COURT

PER CURIAM.

    Bi Xia Shi-Chen petition for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  For the following reasons, we will deny her petition.

Shi-Chen is a native and citizen of China.  She first attempted to enter the United States in October 2003 but was denied entry.  She later entered in January 2004, and the Government charged her as removable for being present in the United States without having been admitted or paroled.  Shi-Chen concedes removability, but sought asylum, withholding of removal and relief under the Convention Against Torture ("CAT") on the grounds that she fears persecution and torture on account of her religion (membership in an "underground" Christian church) and her political opinion (for having written a letter to her local government protesting against corruption).  In her brief in this Court, Shi-Chen has raised no issue regarding the second of these claims or her claim under CAT, so she has waived those claims and we will not discuss them herein.  See Alaka v. Att'y Gen., 456 F.3d 88, 94 (3d Cir. 2006).

Shi-Chen's religion-based claim is premised on her membership in an "underground" Christian church—i.e., one not officially registered with and approved by the Chinese government.  Before the Immigration Judge ("IJ"), Shi-Chen testified that, while she was attending a private prayer meeting at another church member's house on December 24, 2002, Chinese authorities broke up the meeting, arrested her and detained her for one day.  She further testified that authorities punched her in the head and pulled her hair during that time to force her to reveal the names of the other members, then released her after forcing her to sign a statement agreeing to have no further involvement

in underground churches.  Shi-Chen felt "dizzy" after the beating but did not require medical attention.

The IJ denied this claim after finding Shi-Chen not credible for several reasons, including her failure to raise her religion-based claim in her first asylum petition or her airport interview, and the fact that she claimed during her first attempted entry that she was never arrested in China.  The IJ also explained that Shi-Chen's detention did not rise to the level of past persecution and that she had not shown a well-founded fear of future persecution because her brother and parents remain in China and continue to participate in the underground church.  On appeal, the BIA assumed that Shi-Chen had testified credibly but essentially agreed with the IJ's assessment of the substance of her claims.  Shi-Chen now petitions for review of the BIA's decision.[1]

## II.

Shi-Chen raises two arguments.  First, she argues that the BIA committed legal error in determining that her detention and interrogation did not rise to the level of past persecution, which would have raised a rebuttable presumption that she has a well-founded fear of future persecution.  See Kibinda v. Att'y Gen., 477 F3d 113, 119 (3d Cir.

---

[1]We have jurisdiction under 8 U.S.C. § 1252(a)(1).  "Where the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision, not that of the IJ."  Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008).  We review the BIA's factual findings for substantial evidence and must treat them "as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"  Id. (citations omitted).  We have plenary review over its conclusions of law, subject to established principles of deference on agency review.  See id. at 231.

2007).  The BIA, citing our decision in Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993),

explained: "The respondent was arrested only once and detained for one day.

Furthermore, while we do not approve of the beating that she experienced, it was not

sufficiently severe to constitute 'persecution,' particularly when she required no medical

attention."  (BIA Dec. at 2.)  Shi-Chen, citing Beskovic v. Gonzales, 467 F.3d 223 (2d

Cir. 2006), argues that the BIA applied the wrong legal standard because her

mistreatment "may well" rise to the level of persecution given its occurrence in a

custodial context after she had been detained on a statutorily-protected ground.  The BIA,

however, properly applied the standard for persecution followed in this Circuit.

In Fatin, we explained that persecution encompasses only "severe" and "extreme

conduct" and "does not encompass all treatment that our society regards as unfair, unjust,

or even unlawful or unconstitutional."  Fatin, 12 F.3d at 1240 & n.10.  Since then, we

have repeatedly held that isolated beatings that do not result in serious injury do not rise

to the level of persecution.  See, e.g., Kibinda, 477 F.3d at 119-20 (single detention and

beating requiring stitches and leaving scar was not "severe enough to constitute

persecution under our stringent standard"); Cai Luan Chen v. Ashcroft, 381 F.3d 221,

223, 234-35 (3d Cir. 2004) (beating by Chinese officials "with sticks" insufficiently

severe where it was never claimed to have required medical attention).  See also Voci v.

Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("While this Court has not yet drawn a

precise line concerning where a simple beating ends and persecution begins, our cases

4

suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution."). In this case, Shi-Chen testified that she was detained for one day, than an "official grabbed my hair and punched my head," and that the incident left her feeling "dizzy" but did not require medical attention. (A.76.) The BIA did not err in concluding that this incident, though regrettable, did not rise to the level of persecution.

Second, Shi-Chen argues that the BIA's conclusion that she failed to show a well-founded fear of persecution is not supported by substantial evidence. The BIA explained: "The respondent's fear of persecution on account of her religion is not objectively reasonable, since her family and fellow underground church members have continued practicing without harm since she departed China." (BIA Dec. at 2.) Shi-Chen argues that the record contains no evidence regarding whether her fellow underground church members have practiced "without harm."

It is true that the record contains no evidence regarding whether the remaining underground church members, other than Shi-Chen's family, have practiced "without harm." Shi-Chen, however, testified that she has remained in contact with those members and that "they still have their underground church activities" (A.99-100), but did not claim that they actually have suffered any mistreatment and does not so claim on review. Moreover, she testified that her brother and parents "are still attending the underground church in China, today," and that they have not been arrested. (A.99.) Thus, it was reasonable for the BIA to infer that the other non-familial church members also continue

5

to practice without harm.  In any event, Shi-Chen's testimony regarding her family by itself constitutes sufficient support for the BIA's ultimate conclusion that her fear of persecution in China is not objectively reasonable.  See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) ("[W]hen family members remain in petitioner's native country without meeting harm, and there is no individualized showing that petitioner would be singled out for persecution, the reasonableness of a petitioner's well-founded fear of future persecution is diminished.").  Because Shi-Chen "failed to establish a well-founded fear of future persecution, [s]he has failed to meet the higher standard of demonstrating a 'clear probability' of persecution and thus is also not eligible for withholding of removal." Kibinda, 477 F.3d at 123.

Accordingly, we will deny the petition for review.